UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHANTEL RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1497 (ABJ) |
| | ) | |
| DAVID K. DUPREE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Chantel Russell brings this action against David Dupree, the Central Intelligence Agency ("CIA"),[1] and State Farm Mutual Automobile Insurance Company in its capacity as plaintiff's uninsured motorist carrier ("State Farm") for injuries that she allegedly suffered when her vehicle collided with a government vehicle driven by defendant David Dupree, who was

---

[1] Defendant CIA argues that the United States is the proper government defendant in this case, rather than the CIA, because the Federal Tort Claims Act ("FTCA") – the statute under which this case arises – waives sovereign immunity only as to the United States, not as to federal agencies. Def. CIA's Mot. to Dismiss or, in the Alternative, for Summ. J. ("Def.'s MTD") at 5 n.1; *see* 28 U.S.C. §§ 2674, 2679; s*ee also Cox v. Secretary of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990) ("The FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the individuals or the particular government agencies."); *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1316–1317 (D.D.C. 1985) ("[T]he [FTCA] directs that the exclusive remedy for common law tort claims is an action against the United States rather than against the individuals or the particular governmental agencies. Since plaintiffs elected to sue the agencies and the officials rather than the government itself, the 'official capacity' aspect of their lawsuit must fail for that reason alone.") (citation omitted). However, since the Court would have to undertake the FTCA analysis had the plaintiff named the United States as a defendant in place of the CIA, the Court ultimately finds that the FTCA does not the waive the government's sovereign immunity for these particular claims, and the CIA agrees that the Court should decide the FTCA issue despite the wrong government defendant being named, Def.'s MTD at 5 n.1, the Court will decide the CIA's motion to dismiss as if plaintiff had named the proper government defendant.


driving under the influence of alcohol.[2] Plaintiff alleges that she sustained injuries in the automobile accident as the result of Dupree's negligence and that the CIA is liable, as Dupree's employer, under the Federal Tort Claims Act, 28 U.S.C. § 1346 (2006) ("FTCA"). Defendant State Farm also brings a cross-claim against defendant CIA requesting indemnification based on the same theory of liability. [Dkt. # 24].

The CIA moved to dismiss plaintiff's and defendant State Farm's claims against it for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on grounds of sovereign immunity or, in the alternative, for summary judgment. [Dkt. # 13].[3] Because the Court finds that the FTCA does not waive the government's sovereign immunity in this case, the Court will grant the CIA's motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

At all times relevant to this case, David Dupree was employed by the CIA as a chauffeur, working within CIA's Transportation Support Center. Dupree Dep. at 10:21; McMillan Decl. ¶ 4, Compl. ¶ 4. He was an hourly employee and had a standard "tour of duty" from 7:00 a.m. to 3:30 p.m. Dupree Dep. at 59:17–60:10. On September 10, 2008, Dupree left his office at about 6:00 p.m. and began driving home in his government vehicle. *Id.* at 29:10–30:21; McMillan Decl. at ¶ 6. Oh his way, Dupree stopped at a Chinese Restaurant, where he consumed an

---

2   This Court previously dismissed defendant State Farm Mutual Automobile Insurance Company in its capacity as a third-party liability insurance carrier for defendant Dupree. *See* [Dkt. # 21].

3   Although defendant State Farm filed its amended cross claim after defendant CIA filed its motion to dismiss, the Court will honor CIA's request that it treat the motion to dismiss as the operative response to the amended cross-claim. [Dkt. # 33].

unknown quantity of alcohol.[4] Dupree Dep. at 30:3–11; 32:4–12; Ex. 1 to Def. State Farm's Opp. to Def.'s Mot. to Dismiss ("SF Opp.") at 1. After leaving the restaurant, Dupree got back into the government vehicle and continued driving home. *See* Dupree Dep. at 30:3–31:11. But before he reached his destination, he collided with plaintiff's vehicle near Interstate 295 Northbound and Kenilworth Avenue Northeast in Washington, D.C. *See* Compl. ¶¶ 8, 11–13. After failing the responding police officers' field sobriety tests, Dupree was arrested for driving under the influence. Ex. 3 to Def.'s MTD at 6. Dupree was later convicted of this offense. *Id.* at 2.

Russell filed the complaint in this case on September 3, 2010. The Court dismissed Count III of the complaint on June 7, 2011. [Dkt. # 21]. The remaining counts allege that Dupree's negligence caused plaintiff's injuries (Count I), that CIA is vicariously liable for Dupree's negligence (Count II), and that State Farm breached its contract with plaintiff by failing to pay her for her injuries.

## STANDARD OF REVIEW

Defendant CIA has filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court with limited

---

4  During his deposition, Dupree could not recall how many drinks he had at the restaurant. Dupree Dep. at 33:3–4. However, during an internal CIA investigation, Dupree admitted to consuming "five cognac and cokes in a 35–40 minute period" while waiting for his food at the restaurant. Ex. 1 to Def. State Farm's Opp. to Def.'s Mot. to Dismiss at 1.

jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement, . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint."  *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).  Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction in the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

Under the doctrine of sovereign immunity, the United States is immune to suit unless it explicitly consents to being sued.  *United States v. Mitchell*, 445 U.S. 535, 538, (1980).  This immunity extends to the agencies of the federal government, including the CIA.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); s*ee also Transohio Sav. Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 607 (D.C. Cir. 1992).  A waiver of immunity is strictly construed in favor of the sovereign.  *Orff v. United States*, 545 U.S. 596, 601–02 (2005).

"[A] plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss."  *Jackson v. Bush*, 448 F.

Supp. 2d 198, 200 (D.D.C. 2006), citing *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).  Therefore, plaintiff and defendant State Farm bear the burden of establishing that sovereign immunity has been abrogated in order to overcome the CIA's motion to dismiss.

Plaintiff argues that the government has waived its sovereign immunity in this case under the Federal Tort Claims Act, 28 U.S.C. § 1346 (2006) ("FTCA").  *See* Compl. ¶ 1; Pl.'s Opp. at 3–4.  "Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and rendered itself liable." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (internal quotation marks omitted).  This narrow waiver extends only to claims that are:

> (1) against the United States, (2) for money damages, . . . (3) for injury or loss of property, or personal injury or death, (4) caused by the negligent or wrongful act or omission of any employee of the Government, (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.*, quoting 28 U.S.C. § 1346(b).  Thus, plaintiff and State Farm need to show both that the circumstances in this case would have given rise to liability under D.C. law if the employer were a private individual rather than the CIA, and that the injury was caused while Dupree was acting within the scope of his employment.  It is the latter showing that the CIA contests.

"[T]he scope of employment of a federal employee . . . is governed by state tort law." *Kimbro v. Velten*, 30 F.3d 1501, 1506 (D.C. Cir. 1994).  Because Dupree was employed by the CIA in the District of Columbia and the alleged tort occurred there, the Court will apply District

of Columbia law.[5]  "Although the jury generally determines whether an employee's actions are 'within the scope of employment' based upon the facts of the case, if there is insufficient evidence to permit a reasonable juror to draw such a conclusion[,] it becomes a question of law for the court."  *District of Columbia v. Coron*, 515 A.2d 435, 437 (D.C. 1986).  Several courts in this district have found that driving under the influence of alcohol is not within the scope of employment as a matter of law because no reasonable juror could draw the conclusion that it was.  *See, e.g.*, *Sheppard v. United States*, 640 F. Supp. 2d 29 (D.D.C. 2009); *Smith v. Grimes*, 798 F. Supp. 798, 801–02 (D.D.C. 1992); *Smith v. United States*, 762 F. Supp. 1511 (D.D.C. 1991) (decided on the same facts as *Smith v. Grimes*).  This Court agrees.

In determining scope of employment, the District of Columbia follows the Second Restatement of Agency, which provides in relevant part that:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>     (a)  it is of the kind he is employed to perform;
>     (b)  it occurs substantially within the authorized time and space limits; [and]
>     (c)  it is actuated, at least in part, by a purpose to serve the master[.]

Restatement of Agency § 228; *see Moseley v. Second New St. Paul Baptist Church*, 534 A.2d 346, 348 (D.C. 1987).  Thus, "[a]n act is not within the scope of employment if done for the

---

5   Opinions from the D.C. Circuit have directed the Court to look at both the law of the state where the tort occurred and the law of the state where the employment relationship was based to determine whether the employee was acting within the scope of his employment. *Compare Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 663 (D.C. Cir. 2006) ("[C]ourts apply the *respondeat superior* law in the state in which the alleged tort occurred."); *Hoston v. Silbert*, 681 F.2d 876, 879 (D.C. Cir. 1982) ("[W]hether [a] particular act [is] 'within the scope of an employee's federal employment depends upon an analysis of the facts under the law of the place where the tort occurred.'") *with Majano v. United States*, 469 F.3d 138, 141 (D.C. Cir. 2006) ("Scope of employment questions are governed by the law of the place where the employment relationship exists.").  The Complaint alleges that Dupree worked in the District of Columbia, Compl. ¶ 4, and notwithstanding the location of CIA headquarters, defendant CIA does not seem to contest this assertion since it asks the Court to apply the law of the District, Def.'s MTD at 9.  As such, and because the accident occurred in the District, the Court will apply District of Columbia law.

employee's purposes only; unless the tort occurred at least in part as a result of a desire to serve the employer, the employer is not liable." *District of Columbia v. Davis*, 386 A.2d 1195, 1203 (D.C. 1978).

The third factor of the Restatement test is dispositive here because no reasonable juror could find that Dupree's conduct was actuated in any part by a purpose to serve his employer. Dupree was acting solely for personal benefit when he drove home at night from a restaurant under the influence of alcohol. *See Smith v. United States*, 762 F. Supp. 1511, 1513 (D.D.C. 1991) ("On no basis would the Court conclude that drinking and driving after work hours fell within the scope of [the defendant's] employment with the DEA."); *Smith v. Grimes*, 798 F. Supp. 798, 801–02 (D.D.C. 1992) (holding that a DEA special agent, who got into a car accident after stopping to consume alcohol on his way home from work, was acting outside the scope of his employment because stopping to consume alcohol served only his purposes, not his employer's). Plaintiff's and defendant State Farm's argument that Dupree's conduct was meant to serve the CIA because he was "on-call" at the time of the accident is unpersuasive; driving under the influence of alcohol impedes and does not further the driver's ability to respond to calls, and thus the intoxication could not have been motivated by Dupree's intent to serve his employer. Dupree Dep. at 20:3; *See Boykin v. District of Columbia*, 484 A.2d 560, 562 (D.C. 1984) (finding irrelevant whether the employee was "on duty" at the time of the incident in question where the motive was personal).

Furthermore, driving under the influence of alcohol is not conduct "of the kind Dupree was employed to perform." Dupree was assigned as an "exclusive driver for a senior level person at the Agency." Dupree Dep. at 12:1-3. The accident, which occurred while Dupree was on his way home from a restaurant after consuming alcohol, was not "a direct outgrowth" of his

job assignment. *See Boykin*, 484 A.2d at 562. In addition, Dupree was in violation of CIA internal regulations and D.C. law when the accident occurred. *See* Caudle Decl. ¶¶ 11–12; D.C. Code § 50–2201.05 (2001); Ex. 1 to Def.'s Rep. in Supp. of Mot. for Summ. J. at 2–3; *see Sheppard*, 640 F. Supp. 2d at 35 (finding conduct that violates a law to be not of the kind the employee was employed to perform).

Since the Court finds that plaintiff and defendant State Farm cannot satisfy the first or third prongs of the Restatement test, it need not reach the second: whether the accident occurred outside of the authorized space and time limits of Dupree's employment. CIA argues that its regulations prohibit employees from taking CIA vehicles home absent express permission, which Dupree did not have at the time of the accident. Def.'s Mot. to Dismiss 12–13; *see also* Caudle Decl. ¶¶ 11–12; Ex. 1 to Def.'s Rep. in Supp. of Mot. for Summ. J. at 2–3. Plaintiff and defendant State Farm argue that he had the necessary permission. The Court declines to wade into this factual dispute since the other necessary predicates for vicarious liability are absent. *See Boykin*, 484 A.2d at 564–65 (holding that a teacher's sexual assault of his student was outside the scope of his employment even though the assault occurred at school and during regular school hours).

Plaintiff and defendant State Farm argue that the CIA should be held liable because it knew or should have known that Dupree would drive while intoxicated (the theory of "negligent entrustment"). Pl.'s Opp. at 10–12; Def. SF's Opp. at 6–7. But, even assuming that the CIA did know that Dupree had a propensity to drive while intoxicated, such a showing alone would not overcome the government's sovereign immunity defense. To show that the government has waived its sovereign immunity under the FTCA, plaintiff must show *both* that employer would be negligent under D.C. law if it were a private party *and* that the employee was acting within his

scope of employment at the time of the injurious act. *See Meyers*, 510 U.S. at 477. A showing that the CIA knew or should have known that Dupree would drive while intoxicated might be sufficient to prove that the employer acted negligently under D.C. law, but it is irrelevant to resolving the question of whether Dupree was acting within the scope of his employment at the time of the accident. The Government's awareness of Dupree's propensity to drive drunk does not transform Dupree's intoxicated driving into an activity actuated by a purpose to serve the CIA. So this argument fails to show that the Court has jurisdiction to hear the claims against the CIA. *See Kern v. United States*, 585 F.3d 187, 194 (4th Cir. 2009) ("The scope-of-employment issue is thus, on its face, a jurisdictional one – if Scott was acting outside the scope of her employment with the Government, the district court lacks jurisdiction over Kern's FTCA claim.").[6]

State Farm's remaining argument – that the CIA should be held liable for its employee's negligence under the Motor Vehicle Safety Responsibility Act ("MVSRA"), D.C. Code § 50-1301.01 *et seq.* – is likewise without merit.[7] *See* Def. State Farm's Opp. at 4–5. Like the "negligent entrustment" argument, this "permissive use liability" argument also goes only to liability without addressing scope of employment. So even if the Court assumes that all the conditions for permissive use liability under D.C. law are satisfied here, the Court would still

---

6   For the same reasons, the Court would be inclined to deny State Farm's request for leave to amend its cross-claim to add a negligent entrustment claim against the CIA, if State Farm were to file a motion for leave to amend pursuant to LCvR 7(i). *See* Def. State Farm's Opp. at 6–7.

7   The MVSRA provides that: "Whenever any motor vehicle . . . shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner." D.C. Code § 50-1301.08 (2001)

lack subject matter jurisdiction over the claims against the CIA. *See Sheppard*, 640 F. Supp. 2d at 36–37 (holding that the plaintiff could not assert liability against the United States under the theory of permissive use when the Court had already found that the employee was not acting within the scope of his employment and the Court thus lacked subject matter jurisdiction), citing *Perkins v. United States*, 234 F. Supp. 2d 1, 4 (D.D.C. 2002).

## CONCLUSION

Because plaintiff and defendant State Farm fail to show that defendant Dupree was acting within the scope of his employment when the government vehicle he was driving collided with plaintiff's vehicle, the Court will grant defendant CIA's motion to dismiss plaintiff's and State Farm's claims against it for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The motion for summary judgment on other grounds is therefore moot. A separate order will issue.

/s/ Amy B Jackson
AMY BERMAN JACKSON
United States District Judge

DATE:  February 22, 2012